UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Andrew Meidal,                                              Civ. No. 18-985 (PAM/BRT)

              Plaintiff,

v.                                                          **MEMORANDUM AND ORDER**

Messerli & Kramer, P.A.,

              Defendant.

---

This matter is before the Court on Plaintiff's Motion for Attorney's Fees. (Docket No. 12.) The parties seek a determination of a reasonable fee and number of billable hours for Plaintiff's counsel, as allowed under the Order of Judgment (Docket No. 10, Ex. A) and the Fair Debt Collection Practices Act ("FDCPA").

**BACKGROUND**

The factual background of this dispute is brief. In April 2018, Plaintiff filed a complaint against Defendant, alleging violations of multiple provisions of the FDCPA. (Docket No. 1.) Before Defendant filed an answer, it served Plaintiff an Offer of Judgment, and Plaintiff accepted it. (Docket No. 10.) The Offer of Judgment allowed for an award of $1,001 plus reasonable attorney's fees and costs, to be determined by counsel for both parties or by the Court. (Docket No. 10, Ex. A.) The FDCPA also allows successful plaintiffs to recover reasonable attorney's fees and costs, "as determined by the court." 15 U.S.C. § 1692k(a)(3). The parties' attorneys failed to agree on a reasonable hourly fee or number of billable hours for Plaintiff's attorney, Darren Brayer Schwiebert. According to Schwiebert's records, he spent a total of 16.3 hours on this

matter, with 6.2 of those hours stemming from this Motion and related memoranda. He states that his reasonable hourly rate is $400.

**DISCUSSION**

**A.    Reasonable Fee**

"Typically, a court should calculate the amount of fees to be awarded under the FDCPA by using the 'lodestar' method, multiplying the reasonable number of hours expended by a reasonable hourly rate." Morrow v. Weinerman & Assoc., LLC, No. 11-cv-104, 2012 WL 1593301, at *1 (D. Minn. May 7, 2012) (Kyle, J.). Courts consider several factors under the lodestar method to determine the reasonableness of a fee, such as the time and labor required, the experience of the attorney, the skill required to perform the legal service properly, and the nature and length of the relationship with the client. See Hensly v. Eckerhart, 461 U.S. 424, 430 n.3 (1983). Additionally, "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984). Consideration of these factors weighs against a $400 hourly fee in this case.

First, the time and effort this case required was minimal. Schwiebert achieved a favorable outcome for his client before an answer was even filed. Further, a search of Schwiebert's prior-filed FDCPA cases shows that the Complaint, Motion, Memorandum in Support, and Declaration were all created from pre-existing documents. (See 18-cv-

2

509 (Docket Nos. 1, 13, 15). While Schwiebert changed the factual information in each document, the format and majority of the content remained the same.

Second, while Schwiebert has been practicing law for over 20 years, the skill necessary to resolve this matter was minimal, requiring mostly client communication and the submission of a template complaint. There are certainly some FDCPA matters that require a great level of experience and skill, but this matter was not one of them.

Finally, the evidence Schwiebert presents fails to show that a $400 hourly rate is reasonable in this case. Schwiebert cites several cases placing FDCPA work in the $400 per hour range, but those cases either involved a more experienced attorney or required substantially more litigation than the case at hand. In particular, Schwiebert relies on a state decision finding his $400 per hour rate to be reasonable. Rosario v. Kariel Staging & Décor, Inc., No. 27-cv-16-13140 (Minn. Dist. Ct. Dec. 15, 2017). However, that case, unlike this one, was litigated for well over a year with many more issues handled. Additionally, Schwiebert has failed to provide sufficient supplementary evidence supporting a $400 per hour award in a case like this one, as required under Blum. His own declaration and the declaration of a former co-worker are unpersuasive. The "Burdge Report" (Docket No. 15, Ex. 4) lists the median hourly rate for a consumer lawyer in Minneapolis at $350 per hour, and fails to take into account the simplicity of a case like this one.

**B.     Reasonable Hours**

Defendant argues that the hours expended by Schwiebert throughout this matter are excessive. While Schwiebert did use template documents, he still had to meet with his

client, edit and revise documents, and communicate with opposing counsel. Schwiebert's claimed 16.3 total hours are reasonable.

**CONCLUSION**

A reasonable hourly rate for this case, considering the lodestar factors, is $300. Plaintiff's attorney's fee request will be adjusted to reflect this rate.

Accordingly, **IT IS HEREBY ORDERED that** Plaintiff is entitled to collect attorney's fees in the amount of $4,890.00.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 18, 2018  *s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge